UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JHAMALL KESHAN MCGAUGHY,

    Defendant (1).

Case No. 18-cr-20206-1

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL [#153]

Presently before the Court is Richard H. Morgan, Jr.'s ("Defense Counsel") Motion to Withdraw as Counsel for Defendant Jhamall Keshan McGaughy ("Defendant"), which was filed on November 23, 2020. *See* ECF No. 153. In his Motion, Defense Counsel asserts that there has been a breakdown in the attorney-client relationship to the extent that he should no longer represent Defendant. *Id.* at PageID.719. A hearing on this matter was held on December 10, 2020.

"Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988). Moreover, the Eastern District of Michigan's Local Rules provide:

(a) An attorney, whether retained or appointed, who enters a post-

1


> indictment appearance shall continue to represent the defendant until the case is dismissed, the defendant is acquitted, or the direct appeal is completed unless the attorney is granted leave to withdraw by the District Court or the Court of Appeals if notice of appeal has been filed.
>
> (b) An attorney who has appeared in a criminal case may thereafter withdraw only by written motion served upon the defendant personally or at the defendant's last-known address and upon all other parties. The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice.

E.D. Mich. LR 57.1(a), (b).

Here, Defense Counsel explains that Defendant refuses to accept the advice of counsel and for that reason, a breakdown in the attorney-client relationship has developed. ECF No. 153, PageID.718. Defense counsel asserts that Defendant "will be better served if [he] is permitted to withdraw" from the present matter. *Id.* The Court also takes notice of Defendant's letter to the Court, which was filed on November 23, 2020, where Defendant indicates he has objections to the PSR. ECF No. 152. This letter includes a copy of Defendant's correspondence with Defense Counsel on November 5, 2020 regarding such objections. Based on Defense Counsel's present Motion and the hearing on December 10, 2020, the Court finds that it is in the interest of justice to grant the relief requested. Accordingly, the Court **GRANTS** Defense Counsel's Motion to Withdraw as Counsel [#153].

The Federal Defender Office is appointed to appoint a CJA panel attorney to represent Defendant in this matter. The parties, including newly appointed counsel, shall appear for a Status Conference on January 12, 2021 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated:    December 10, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Jhamall Keshan McGaughy, No. 288561, Livingston County Jail,
204 Highlander Street, Howell, MI 48843 on
December 10, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager