## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

Case No. 2:18-cr-20206

JHAMALL KESHAN McGAUGHY,

District Judge
Gershwin A. Drain

*Defendant*.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## TO VACATE SENTENCE [#220]

Before the Court is Jhamall Keshan McGaughy's ("Defendant") Motion to

Vacate his sentence. ECF No. 220; *see* ECF No. 183, PageID.849–850. Having

considered the record and briefing by the parties, the Court finds that the motion,

files, and records of the case conclusively show that Defendant is entitled to no relief.

28 U.S.C. § 2255(b). For the reasons stated herein, the Court will deny Defendant's

Motion.

## I.    BACKGROUND

On October 18, 2017, Pittsfield Township police officers responded to a report

of possible prostitution in a room at the Regents Hotel. ECF No. 1, PageID.3. The

officers made contact with the room's occupants, who were in a silver car in the

hotel parking lot. *Id.* In the vehicle was a woman in the driver's seat and a man in

1

the passenger seat, identified at the time as Jhamall Keshan McGaughy. *Id.* An interview of the individuals revealed that an advertisement for prostitution featuring the woman had been posted on a website commonly used for sex trafficking. *Id.* at PageID.3–4. The woman informed police that the hotel room was in McGaughy's name, as he was the only one with identification. *Id.* at PageID.4. The Criminal Complaint does not indicate what occurred immediately after the officers received this information.

Ten days later, on October 28, 2017, an officer from the Madison Heights police department responded to a complaint of human trafficking at a Days Inn Hotel. *Id.* Police interviewed a female victim who stated that she and two other women were being held captive by McGaughy and being taken to hotels in the area to be prostituted. *Id.* The woman detailed several failed attempts to escape McGaughy, stating that he would always discover her location and send his friends to bring her back to him. *Id.* at PageID.4–5. The woman also stated that McGaughy would use violence to subdue her, often punching and sexually assaulting her. *Id.* at PageID.5–6. She stated further that McGaughy forced her and other women to use and get "hooked" on heroin. *Id.* at PageID.5. McGaughy withheld the drugs once the women were addicted, so he could force withdrawal and submission. *Id.* Subsequent interviews with another victim corroborated these accusations. *Id.* at PageID.6–7.

On March 27, 2018, Defendant was indicted on three counts of sex trafficking by force under 18 U.S.C. § 1591(a)(1) and two counts of transportation for the purpose of engaging in prostitution under 18 U.S.C. § 2421(a). ECF No. 12. Plaintiff was subsequently charged on a superseding information on one count of conspiracy to commit sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1594(c). ECF No. 117. He pled guilty to this count on January 29, 2020 and was sentenced to 180 months in prison with 5 years of supervised release. ECF No. 121; ECF No. 183, PageID.849–850.

Defendant filed a Motion to Vacate his sentence on April 12, 2023. His sentence should be vacated, he argues, because (1) the Court miscalculated his offense level, (2) the assistance of his counsel was ineffective, and (3) his attorney refused to challenge the restitution order against him. ECF No. 220, PageID.1319–1322. The Government argues in response that Defendant's motion should be denied because, by entering a plea agreement, he waived his right to challenge his sentence for any reason other than ineffective assistance of counsel. ECF No. 226. The Government argues in the alternative that even if Defendant can maintain his challenges at this stage, they are either meritless or procedurally defaulted.

## II.    LEGAL STANDARD

### A.    Motions to Vacate

Under 28 U.S.C. § 2255, a prisoner in federal custody "may move the court

which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.

§ 2255(a). Such a motion will be granted if a defendant successfully shows that the

sentence or conviction was (1) "based on an error of constitutional magnitude," (2)

"outside the statutory limits," (3) or based on an error of fact or law that "was so

fundamental as to render the entire proceeding invalid." *Hairston v. United States*,

664 F. App'x 485, 489 (6th Cir. 2016). A defendant must set forth sufficient facts

and establish an entitlement to relief by a preponderance of the evidence. *Green v.

Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *United States v. Javed*, No. 15-20351, 2019

U.S. Dist. LEXIS 68463, at *8 (E.D. Mich. Apr. 23, 2019).

An evidentiary hearing must be held on a § 2255 motion unless a court finds

that "the files and records of the case conclusively show that the prisoner is entitled

to no relief." 28 U.S.C. § 2255(b). "Conclusions, not substantiated by allegations of

fact with some probability of verity, are not sufficient to warrant a hearing." *Green*,

454 F.2d at 53.

## B.    Ineffective Assistance of Counsel Standard

Courts generally assess claims for ineffective assistance of counsel under the

two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984). Under *Strickland*, a defendant asserting ineffective

assistance of counsel must first show "that counsel's performance was deficient."

*Id.* at 687. If the first factor is met, the defendant must then show "that the deficient

performance prejudiced the defense." *Id.* This means that "the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

In the context of a plea, the Supreme Court explained that the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); *see Franks v. Lindamood*, 401 F. App'x 1, 4 (6th Cir. 2010).

## C.      Defendant's Right to Collateral Review

By entering his guilty plea, Defendant waived his right "to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence under 28 U.S.C. § 2255 . . ." ECF No. 121, PageID.575. He retained, however, "the right to raise claims of ineffective assistance of counsel, provided that defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. *Id.*

## III.      ANALYSIS

## A.      Defendant's Offense Level Challenge Is Not Cognizable Under § 2255.

Defendant's first argument is that the Court mistakenly calculated his base offense level when sentencing him. He contends that "[t]he base offense level used in my case was 34 based on U.S.S.G. 2G1.1, but it should have been 14 because my offense of conviction was not 18 U.S.C. § 1591(b)(1) it was 18 U.S.C. § 1594(c)." ECF No. 220, PageID.1319.

This challenge may be swiftly dismissed. To start, upon entering his guilty plea, Defendant waived any right he may have to challenge his guilty plea, conviction, or sentence other than for ineffective assistance of counsel ECF No. 121, PageID.575. This waiver of rights is binding upon entry as long as it is knowingly and voluntarily made. *United States v. Daniel*, 74 F. App'x 503, 504 (6th Cir. 2003) (finding that Defendant was not entitled to relief because specifically waived his right to appeal his conviction and sentence); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (holding that a waiver of § 2255 rights cannot foreclose evaluation of an argument that the guilty plea was not knowing and voluntary, or was the product of ineffective assistance of counsel).

There is no indication that it was not. At Defendant's plea hearing, the Court was informed by counsel for the Government that "[t]he parties have agreed that Mr. McGaughy's guideline range will be 360 months to life and that his offense level will be 42, a level of 42." ECF No. 147, PageID.686. When the Court asked for clarification, counsel specified that Defendant's base offense level was 34 but that "there are some other enhancements that the parties have agreed to apply." *Id.* at PageID.686–687. Lastly, counsel informed the Court that, despite circuit splits regarding the applicable guidelines provisions, "Mr. McGaughy has agreed to these guidelines as part of the overall package in accepting this plea agreement." *Id.* at PageID.687. Further, as Defendant stated explicitly at his plea hearing that he had

6

the opportunity to review the plea agreement, and that the agreement accurately reflected the terms of his plea, it is also clear that Defendant was informed of the direct consequences of his plea amidst the alternatives, including his waiver of rights. *Id.* at PageID.690; *see* ECF No. 121, PageID.575 (waiver provision in plea agreement). These facts—demonstrating that Plaintiff *agreed* to his base offense level and corresponding guideline enhancements—preclude a finding that Defendant's plea was not knowing and voluntary.

Returning to Defendant's argument that his offense level was miscalculated, such a claim is not cognizable on a § 2255 motion. Simply, "an objection to the calculation of his base offense level is not an issue of constitutional dimension and so is not cognizable in a motion to vacate under § 2255." *Byrd v. United States*, No. 93-2164, 1994 U.S. App. LEXIS 4570, at *5 (6th Cir. Mar. 11, 1994); *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018) ("We note that, although not without dissent, every other court of appeals to have looked at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations."). His petition is not otherwise cognizable under the statute because he does not argue that his sentence was outside the statutory limits or that his sentencing was infected by an error that renders the entire proceeding invalid. Thus, Defendant's motion is properly suited for direct appeal. *Snider*, 908

F.3d at 191; *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011) (finding that prisoners may not raise claims about guidelines calculations in a collateral attack).

As the Government points out, Defendant's challenge to his guidelines calculation was already heard and denied by the Sixth Circuit on direct appeal. The appellate court ruled that "McGaughy waived his right to appeal his sentence with only one exception: if his sentence exceeded twenty years in prison." *United States v. McGaughy*, No. 21-2793, 2022 U.S. App. LEXIS 13522, at *1 (6th Cir. May 18, 2022). Because, Defendant was sentenced to 15 years, that appeal was dismissed.

In sum, Defendant waived his right to appeal his base offense level when he entered his plea agreement, and there is no exception that applies to his case.

## B.    Defendant's Assistance Was Not Ineffective.

To establish ineffective assistance of counsel, Defendant must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. As the Court reads Defendant's motion, he argues that his lawyer's assistance was ineffective because counsel did not help him with several handwritten motions that he prepared pretrial, refused to petition the court for an evidentiary hearing, and failed to raise objections throughout the proceedings. ECF No. 220, PageID.1320. Further, Defendant argues that his attorney failed to challenge his restitution order, which he believes was calculated in error. ECF No. 220, PageID.1322.

The permissible scope of Defendant's complaint is, by law, stiflingly narrow. As the Government highlights in its response motion, Defendant gave up his pre-sentence rights when he voluntarily entered a guilty plea in this case. ECF No. 226, PageID.1341–42. And this only makes sense. Before pleading guilty, a defendant enjoys the presumption of innocence; he may present evidence to support his cause; he may file motions, make objections, and otherwise petition a court for miscellaneous relief. After taking a plea, however, these rights are largely unavailable and irrelevant. *United States v. Bogle*, No. 21-3746, 2023 U.S. App. LEXIS 323, at *9 (6th Cir. Jan. 5, 2023) ("[P]reserving the right to appeal any non-jurisdictional pre-plea motion is difficult because a guilty plea generally waives that right unless the plea is conditional."); *Danner v. Booker*, No. 10-11434, 2014 U.S. Dist. LEXIS 96414, at *22 (E.D. Mich. July 16, 2014) ("Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty plea.") (citing *United States v. Stiger*, 20 F. App'x. 307, 309 (6th Cir. 2001)).

Claims based on adverse rulings on pre-plea motions, on motions not filed, and on claims of ineffective assistance based on pre-plea events are waived by an unconditional guilty plea. The Supreme Court has been unequivocal on this point:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This settled law dooms Defendant's motion. The first three grounds for which Defendant claims ineffective assistance— pretrial motions, evidentiary hearing, missed objections—all implicate pre-plea events. Thus, these arguments were waived with his plea. And since the Court has already found that Defendant's plea agreement was freely and voluntarily entered (and because he does not argue otherwise), there is no ground to support a finding that the plea agreement itself is invalid. *See* ECF No. 227, PageID.1348 (admitting that he "willfully accept[ed] his plea agreement" even though his counsel did not file motions he sought pre-trial).

***

Lastly, Defendant argues that his counsel erred by failing to challenge the restitution calculation after his plea was entered. ECF No. 220, PageID.1322. Generally, a challenge to a restitution order is not cognizable in a § 2255 motion. But the Sixth Circuit recognizes an exception where, as here, the Defendant challenges the assistance of counsel. *Besser v. United States*, No. 1:09-CV-948, 2013 U.S. Dist. LEXIS 10132, at *86 (W.D. Mich. Jan. 25, 2013) (citing *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993)).

Nonetheless, Defendant's challenge is not actionable because his argument is wholly undeveloped. The full argument is as follows: "I asked my attorney to argue

my restitution because I believe the number were [sic] calculated wrong." *Id.* This utter lack of detail does not establish either of the *Strickland* factors: that counsel was deficient or that the alleged deficiency was prejudicial. Defendant does not tell the Court, at minimum, why he believes the restitution order is inaccurate or what he believes the proper calculation is. He states in his reply brief that counsel failed its requirement to aid generally with legal issues and to challenge the restitution determination. ECF No. 227, PageID.1349. But he does not suggest what the challenge would have accomplished. Rather, it appears to the Court that Defendant believes that his counsel should have challenged the restitution calculation as a matter of course. But to the extent he believes an *error* was made, that argument is not before this Court.

Because Defendant does not present this Court with an error to consider, and simply speculates that an error may exist, his restitution argument is not entitled to review. *Short v. United States*, 471 F.3d 686, 697 (6th Cir. 2006) ([I]neffective assistance claims do not turn on . . . speculative considerations."); *United States v. Hooper*, Civil Action No. 14-20810, 2018 U.S. Dist. LEXIS 89923, at *26 (E.D. Mich. Mar. 19, 2018) (finding that ineffective assistance argument failed because "it is undeveloped and speculative"); *Chevres-Motta v. United States*, No. 10-1845 (JAF), 2012 U.S. Dist. LEXIS 168970, at *9 (D.P.R. Nov. 27, 2012) (rejecting argument on § 2255 motion as undeveloped); *Cody v. United States*, 249 F.3d 47,

53 n.6 (1st Cir. 2006) (finding that undeveloped ineffective assistance claims on §

2255 motion is deemed waived).

Thus, the Court finds that counsel's assistance was not ineffective.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to vacate his sentence is

**DENIED**.


**IT IS SO ORDERED**.


Dated:  August 5, 2024                    /s/ Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          U.S. DISTRICT JUDGE



CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 5, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager